UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

ATHENA SECURITY, LLP,

                Plaintiff,

        v.

GOOGLE LLC,

                Defendant.

Case No. 7:26-cv-00158

**JURY TRIAL DEMANDED**

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Athena Security, LLP ("Plaintiff" or "Athena") makes the following allegations against Defendant Google LLC ("Defendant" or "Google"):

**INTRODUCTION AND PARTIES**

1.  This complaint arises from Defendant's unlawful infringement of United States Patent Nos. 8,250,357, 7,969,880, 7,702,742, and 9,503,421 (collectively, the "Asserted Patents"). Athena owns all right, title, and interest in each of the Asserted Patents to file this case.

2.  Athena Security, LLP is a limited liability partnership organized and existing under the laws of the State of Nevada, with a registered address at 1468 James Rd., Gardnerville, NV 89460.

3.  On information and belief, Google LLC is a wholly-owned subsidiary of Alphabet, Inc, and a Delaware limited liability company, with an established place of business at 500 West 2nd Street, Austin Texas 78701 at which Google can be served with process.

1

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patents.

6.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Google resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District.

7.      Google, directly and/or through subsidiaries or intermediaries, have purposefully and voluntarily placed one or more products and/or services in the stream of commerce that practice the Asserted Patents with the intention and expectation that they will be purchased and used by consumers in the Western District of Texas. These products and/or services have been and continue to be purchased and used in the Western District of Texas.

8.      Venue as to Google is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Google has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, importing, offering to sell, and selling products that infringe the Asserted Patents.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,250,357

9.      Athena realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

10.     Athena owns all rights, title, and interest in U.S. Patent No. 8,250,357, titled "Tunnel interface for securing traffic over a network," issued on August 21, 2012 (the "'357 Patent"). A true and correct copy of the '357 Patent is attached as Exhibit 1.

11.     The technology in the '357 Patent was not routine or conventional. The U.S. Patent Office diligently examined the patented technology and allowed the claims, finding that the claimed limitations were not found in any of the prior art in the record, such that the claims cannot be described as "routine" or "conventional."

12.     The technology claimed in the '357 Patent is not directed to an abstract idea. Rather, it is directed to a specific technological improvement in computer technology, and it provides a technological solution to a fundamentally technological problem.

13.     On information and belief, Defendant makes, uses, offers for sale, sell, and/or imports certain products ("Accused Products"), such as, *e.g.*, Google Cloud VPN, and all versions and variations thereof since the issuance of the asserted patent, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '357 Patent.

14.     Through at least the filing and service of this Complaint, Defendant has had knowledge of the '357 Patent and that by providing the Accused Products to direct infringers, Defendant also knowingly and intentionally induces infringement of claims of the '357 Patent in violation of 35 U.S.C. § 271(b). Despite this knowledge of the '357 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals

and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '357 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '357 Patent, thereby specifically intending for and inducing its customers to infringe the '357 Patent through its customers' normal and customary use of the Accused Products.

15.     The Accused Products satisfy all claim limitations of claims of the '357 Patent. A claim chart comparing independent claim 1 of the '357 Patent to Defendant's infringing activity is attached as Exhibit 2.

16.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Athena and are liable for infringement of the '357 Patent pursuant to 35 U.S.C. § 271.

17.     As a result of Defendant's infringement of the '357 Patent, Athena is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.  Athena is entitled to past damages under 35 U.S.C. § 287. Athena has complied with the requirements of 35 U.S.C. § 287 and is not aware of any unmarked products that practice the claims of the '744 Patent.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 7,969,880

18.     Athena realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

19.     Athena owns all rights, title, and interest in U.S. Patent No. 7,969,880, titled

4

"Device and method for relaying packets," issued on June 28, 2011 (the "'880 Patent"). A true and correct copy of the '880 Patent is attached as Exhibit 3.

20.    On information and belief, Defendant makes, uses, offers for sale, sell, and/or imports certain products ("Accused Products"), such as, *e.g.*, Google Jupiter Datacenter Switches, and all versions and variations thereof since the issuance of the asserted patent, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '880 Patent.

21.    Through at least the filing and service of this Complaint, Defendant has had knowledge of the '880 Patent and that by providing the Accused Products to direct infringers, Defendant also knowingly and intentionally induces infringement of claims of the '880 Patent in violation of 35 U.S.C. § 271(b). Despite this knowledge of the '880 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '880 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '880 Patent, thereby specifically intending for and inducing its customers to infringe the '880 Patent through its customers' normal and customary use of the Accused Products.

22.    The Accused Products satisfy all claim limitations of claims of the '880 Patent. A claim chart comparing independent claim 1 of the '880 Patent to Defendant's infringing activity is attached as Exhibit 4.

23.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Athena and are liable for infringement of the '880 Patent pursuant to 35 U.S.C. § 271.

24.    As a result of Defendant's infringement of the '880 Patent, Athena is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.  Athena is entitled to past damages under 35 U.S.C. § 287. Athena has complied with the requirements of 35 U.S.C. § 287 and is not aware of any unmarked products that practice the claims of the '744 Patent.

**COUNT III**

**INFRINGEMENT OF U.S. PATENT NO. 7,702,742**

25.    Athena realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

26.    Athena owns all rights, title, and interest in U.S. Patent No. 7,702,742, titled "Mechanism for enabling memory transactions to be conducted across a lossy network," issued on April 20, 2010 (the "'742 Patent"). A true and correct copy of the '742 Patent is attached as Exhibit 5.

27.    On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Products"), such as, *e.g.*, Google Cloud instances and related components, including the platforms that deploy Xeon 6 components with CXL 2.0 support, and all versions and variations thereof since the issuance of the asserted patent, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '742 Patent.

28.    Through at least the filing and service of this Complaint, Defendants have had knowledge of the '742 Patent and that by providing the Accused Products to direct infringers, Defendants also knowingly and intentionally induce infringement of claims of the '742 Patent in violation of 35 U.S.C. § 271(b). Despite this knowledge of the '742 Patent, Defendants continue

to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe the '742 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '742 Patent, thereby specifically intending for and inducing their customers to infringe the '742 Patent through their customers' normal and customary use of the Accused Products.

29.     The Accused Products satisfy all claim limitations of claims of the '742 Patent. A claim chart comparing independent claim 1 of the '742 Patent to Defendants' infringing activity is attached as Exhibit 6.

30.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendants have injured Athena and are liable for infringement of the '742 Patent pursuant to 35 U.S.C. § 271.

31.     As a result of Defendants' infringement of the '742 Patent, Athena is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## COUNT IV

### INFRINGEMENT OF U.S. PATENT NO. 9,503,421

32.     Athena realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

33.     Athena owns all rights, title, and interest in U.S. Patent No. 9,503,421, titled "Security information and event management," issued on November 22, 2016 (the "'421 Patent").

A true and correct copy of the '421 Patent is attached as Exhibit 7.

34.   On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Products"), such as, *e.g.*, Google Security Operations and related components, including but not limited to components such as Google SecOps playbooks, and all versions and variations thereof since the issuance of the asserted patent, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '421 Patent.

35.   Through at least the filing and service of this Complaint, Defendants have had knowledge of the '421 Patent and that by providing the Accused Products to direct infringers, Defendants also knowingly and intentionally induce infringement of claims of the '421 Patent in violation of 35 U.S.C. § 271(b). Despite this knowledge of the '421 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '421 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '421 Patent, thereby specifically intending for and inducing their customers to infringe the '421 Patent through their customers' normal and customary use of the Accused Products.

36.   The Accused Products satisfy all claim limitations of claims of the '421 Patent. A claim chart comparing independent claim 1 of the '421 Patent to Defendants' infringing activity is attached as Exhibit 8.

37.   By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendants have injured Athena and are liable for infringement of the '421 Patent pursuant to 35 U.S.C. § 271.

38.     As a result of Defendants' infringement of the '421 Patent, Athena is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Athena respectfully requests that this Court enter:

a.     A judgment in favor of Athena that Defendant has infringed each of the Asserted Patents, either literally and/or under the doctrine of equivalents;

b.     A judgment in favor of Plaintiff that Defendant has induced infringement of the Asserted Patents;

c.     A judgment and order requiring Defendant to pay Athena its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of each of the Asserted Patents;

d.     A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Athena, including without limitation, pre-judgment and post-judgment interest;

e.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Athena its reasonable attorneys' fees against Defendant; and

f.     Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Athena, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of

any issues so triable by right.


Dated: April 20, 2026                              Respectfully submitted,

                                                   */s/ Reza Mirzaie*
                                                   Reza Mirzaie (CA SBN 246953)
                                                   rmirzaie@raklaw.com
                                                   Paul A. Kroeger (CA SBN 229074)
                                                   pkroeger@raklaw.com
                                                   Adam S. Hoffman (CA SBN 218740)
                                                   ahoffman@raklaw.com
                                                   James Tsuei (CA SBN 285530)
                                                   jtsuei@raklaw.com
                                                   Daniel Kolko (CA SBN 341680)
                                                   dkolko@raklaw.com
                                                   Jefferson Cummings (DC SBN 90027452)
                                                   jcummings@raklaw.com
                                                   **RUSS AUGUST & KABAT**
                                                   12424 Wilshire Boulevard, 12th Floor
                                                   Los Angeles, CA  90025
                                                   Telephone: 310-826-7474

                                                   *Attorneys for Plaintiff*
                                                   *Athena Security, LLP*

10

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on April 20, 2026.

_/s/ Reza Mirzaie_
Reza Mirzaie